UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Case No. 24-cv-00623-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LIMITED LEAVE TO AMEND AND TERMINATING AS MOOT MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 9 |

Self-represented Plaintiff Kristin Hoffman alleges that Defendants, five federal agencies, bear responsibility for injuries suffered by her infant son. *See* Dkt. 1 (the "Complaint"). Defendants now move to dismiss. *See* Dkt. 9 (the "Motion"). Plaintiff opposes the Motion. *See* Dkt. 12. Defendants filed a reply. *See* Dkt. 19. All necessary parties—Plaintiff and named Defendants—have consented to the jurisdiction of a magistrate judge.[1] The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the Motion and **DISMISSES** all of Plaintiff's claims **WITH LIMITED LEAVE TO AMEND**. Because the Court dismisses Plaintiff's Complaint, it **TERMINATES AS MOOT** Plaintiff's pending motion for summary judgment. *See* Dkt. 15.

///

///

---

[1] In addition to named Defendants, Plaintiff also sued 100 Doe defendants. *See* Complaint at 1. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

## I. BACKGROUND

The following discussion of background facts is based on the allegations contained in the Complaint, the truth of which the Court accepts for purposes of resolving the Motion. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). Plaintiff's infant son received four doses of a Hepatitis B vaccine. *See* Complaint at 5-6. Two months after administration of the fourth dose, "lab work was run that showed the Child being neutropenic." *See id.* at 5-7. Plaintiff subsequently commenced this action against five federal agencies to recover for the harm suffered by her and her son. *See id.* at 17. She claims that these agencies funded "medical experimentation" that caused her son's injuries. *See id.* at 2.

## II. LEGAL STANDARD

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1). *See* Motion at 1. However, their arguments implicate both Rules 12(b)(1) and 12(b)(6). Accordingly, the Court will evaluate the Motion under both Rules.

**Rule 12(b)(1).** Under Rule 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction over the claims asserted. A defendant can challenge a court's subject-matter jurisdiction under Rule 12(b)(1) by launching either (1) a facial attack based solely on the allegations of the complaint or (2) a factual attack based on evidence outside the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**Rule 12(b)(6).** Under Rule 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their

favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

### III. DISCUSSION

Plaintiff asserts a single cause of action for fraud against Defendants. *See* Complaint at 16-17. In bringing her fraud cause of action, she references two statutes:

- 18 U.S.C. Section 1341.
- The National Childhood Vaccine Injury Act (the "Vaccine Act").

As explained below, Plaintiff may not pursue <u>in this Court</u> (1) claims for violations of these two statutes or (2) any fraud claims against Defendants.

#### A.  Plaintiff Lacks A Private Right Of Action Under 18 U.S.C. Section 1341

The first statute cited by Plaintiff, 18 U.S.C. Section 1341, imposes only criminal liability and does not create a private right of action in the civil context. *See Cirino v. GMAC Mortg. LLC*, 667 F. App'x 248, 249 (9th Cir. 2016); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 195 (9th Cir. 1987). In other words, 18 U.S.C. Section 1341 does not provide a path for Plaintiff to pursue her claims in this Court. *See, e.g.*, *Clancy v. Mancuso*, No. 22-cv-02381-BLF, 2022 WL 17342724, at *2 (N.D. Cal. Nov. 30, 2022) (dismissing Section 1341 claim because plaintiff lacked private right of action). Accordingly, the Court must dismiss this claim.

///
///
///
///
///

### B. Plaintiff May Not Yet Pursue A Claim Under The Vaccine Act

"[T]he Vaccine Act mandates that plaintiffs first bring their claims for vaccine-related injuries to the Federal Court of Claims; only if the plaintiffs reject that court's judgment may they pursue their claims in state or federal court." *Doherty v. Pasteur*, No. 01-cv-04771-MJJ, 2002 WL 1034044, at *2 (N.D. Cal. May 17, 2002) (citation omitted).[2] Plaintiff does not allege that she pursued relief under the Vaccine Act in the Federal Court of Claims before commencing this action. Thus, her claim under the Vaccine Act in this Court is premature. *See, e.g.*, *Romero v. Wyeth*, 145 F. App'x 962, 964 (5th Cir. 2005) (affirming dismissal of Vaccine Act claim for failure to first pursue relief in Federal Court of Claims). Accordingly, the Court must dismiss this claim, but it will do so with leave to amend (as explained in Section III.D, below).

### C. Plaintiff May Not Pursue A General Claim Of Fraud Against Defendants

To the extent Plaintiff brings a general claim of fraud outside of the two statutes cited in the Complaint, she may not pursue that claim against Defendants. As an initial matter, a plaintiff may assert tort liability against the federal government under only the Federal Tort Claims Act (the "FTCA"). *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). Thus, Plaintiff could pursue fraud liability against Defendants under only that statute (and she does attempt to do so here). Yet, importantly, any such claim would fail for three reasons.

*First*, the FTCA does not authorize suit against federal agencies. *See id.* Instead, "the United States is the only proper defendant in an FTCA action." *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citation omitted); *see, e.g.*, *Zeiny v. United States*, No. 19-cv-05806-HSG, 2020 WL 496076, at *3 (N.D. Cal. Jan. 30, 2020).

*Second*, the FTCA bars asserting fraud claims against the United States. *See Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021).

*Third*, the FTCA requires that claimants exhaust their administrative remedies before bringing suit. *See Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015). For example, in connection with her claim against the Department of Health and Human Services, Plaintiff would have to

---

[2] Plaintiff can learn about the Federal Court of Claims on its website: https://www.cofc.uscourts.gov/.

present a claim to that agency before bringing her claim to this Court. *See* 45 C.F.R. §§ 35.1-35.2; *see also* Motion at 9-10. However, Plaintiff does not allege that she exhausted her administrative remedies.

Accordingly, the Court must dismiss this claim.

### D. The Court Will Grant Plaintiff Limited Leave To Amend

The Court will grant Plaintiff limited leave to amend her allegations as follows:

- As explained above, 18 U.S.C. Section 1341 confers no private right of action on Plaintiff. She cannot plead around that result. Accordingly, the Court will not permit her to amend her claim for violation of that statute. The Court therefore **DISMISSES** Plaintiff's claim under 18 U.S.C. Section 1341 **WITHOUT LEAVE TO AMEND**.

- As for Plaintiff's claim under the Vaccine Act, it is possible that Plaintiff has already pursued relief in the Federal Court of Claims under the Vaccine Act such that she may now pursue relief in this Court; she has simply failed to include allegations to that effect in her Complaint. Because amendment could cure that deficiency, the Court **DISMISSES** Plaintiff's claim under the Vaccine Act **WITH LEAVE TO AMEND**.

- As for a general claim of fraud, because the law does not allow Plaintiff to pursue any fraud claim against Defendants or the federal government, she cannot plead around that result. Accordingly, the Court **DISMISSES** Plaintiff's general claim of fraud **WITHOUT LEAVE TO AMEND**.

- Finally, the Court will permit Plaintiff to amend her Complaint to bring any other claim that she believes in good faith she may assert against Defendants.

///
///
///
///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** all of Plaintiff's claims **WITH LIMITED LEAVE TO AMEND** as explained above. Plaintiff must file an amended complaint by **July 12, 2024**. The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline. Because the Court dismisses Plaintiff's Complaint, it **TERMINATES AS MOOT** Plaintiff's pending motion for summary judgment.

The Court encourages Plaintiff to seek free legal assistance from the Legal Help Center located in the San Jose courthouse. The Legal Help Center will not represent Plaintiff in this action but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/.

The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: June 12, 2024

SUSAN VAN KEULEN
United States Magistrate Judge